IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE JOSEPH BOUDREAUX, | § | |
| TDCJ-CID # 1168605, | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. H-06-0426 |
| v. | § | |
| | § | |
| THE FOURTEENTH COURT | § | |
| OF APPEALS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarence Joseph Boudreaux, a state inmate, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and *in forma pauperis*. The threshold question is whether plaintiff's claims should be dismissed as frivolous for failure to state a claim. The Court concludes that plaintiff's complaint fails to state a claim, and this lawsuit is **DISMISSED** for the reasons that follow.

### I.    Claims

Plaintiff complains that the Fourteenth Court of Appeals in Houston, Texas, denied him due process by not responding to his inquiries regarding his petition for a writ of mandamus or the mandate it issued in his criminal appeal.

The on-line public records for the Fourteenth Court of Appeals show that mandate issued on April 13, 2005 in *Boudreaux v. State*, No. 14-03-00275-CR, and that no subsequent pleadings or other matters appear on that docket. Further, the public records do not show that plaintiff filed a petition for writ of mandamus during May, 2005. The on-line

public records for the *First* Court of Appeals in Houston, Texas, however, reveal that plaintiff filed a petition for writ of mandamus in that court on July 7, 2005, complaining of the criminal trial court's failure to respond to his inquiries. The petition was denied on November 10, 2005. *In re Boudreaux*, No. 01-05-00985-CR (Tex. App. – Houston [1st Dist.] 2005, orig. proceeding).

## II.   Analysis

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).

Plaintiff presents no factual or legal support for his claim that the Fourteenth Court of Appeals denied him due process by issuing mandate in his criminal appeal, or regarding

any original proceeding he filed with that court.  Even assuming that the court of appeals failed to respond to his inquiries regarding his case, such failure does not create an issue of constitutional dimension.

## III.   Conclusion

This lawsuit lacks an arguable basis in fact and in law, and is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's implied motion to proceed *in forma pauperis* is **GRANTED**, and a separate collection order will be signed by the Court.  Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the /7th day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE